**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE,

Plaintiff,

vs

Case No: 11-15657
Honorable Victoria A. Roberts

ANN ARBOR PUBLIC SCHOOLS, OLUMIDE OSUNTUYI, THE ESTATE OF KELVIN R. DOBBINS, DECEASED, KAREN M. BLAKE, NEAL B. WARD, EDWARD B. LIGHT, and BRADFORD M. MELLOR

Defendants.

________________________________/

**ORDER DENYING DEFENDANTS' MOTION TO ABSTAIN**

## I. INTRODUCTION

Before the Court is Defendants' Motion to Abstain Federal Jurisdiction and Dismiss the Case or in the Alternative, to Stay Proceedings Due to a Pending Parallel State Court Action. The Court **DENIES** this motion.

## II. BACKGROUND

The procedural facts are not in dispute.

On August 20, 2009, Plaintiff filed a complaint in Washtenaw Circuit Court against Defendant Osuntuyi ("Osuntuyi") and Ann Arbor Public Schools ("AAPS") alleging sexual abuse while riding a bus driven by Osuntuyi. Because the Plaintiff was a minor at the time of the incident, the Court refers to her as Jane Doe I ("Doe"). Her

mother, who asserts a bystander claim, is known as Jane Doe II ("Doe II"), and is only involved in the first state-court complaint.

Nine state law claims are alleged in the Complaint filed:

i. Count I [Against Osuntuyi]: Sexual Assault of Plaintiff Jane Doe [];

ii. Count II [Against Osuntuyi]: Intentional Infliction of Emotional Distress on Plaintiff Jane Doe [];

iii. Count III [Against Osuntuyi]: Negligent Infliction of Emotional Distress on [Plaintiff] Jane Doe [];

iv. Count IV [Against Osuntuyi]: Breach of Fiduciary Duty;

v. Count V [Against Osuntuyi and AAPS]: Bystander Claim of Plaintiff Jane Doe II;

vi. Count VI [Against Osuntuyi and AAPS]: Elliot-Larsen Civil Rights Act Violations – Hostile Educational Environment;

vii. Count VII [Against Osuntuyi and AAPS]: Elliot-Larsen Civil Rights Act Violations – Quid Pro Quo;

viii. Count VII [Against AAPS]: Gross Negligence in Hiring, Monitoring and Retaining Employees; and

ix. Count IX [Against Defendant AAPS]: [Michigan] Constitutional Rights Violations.

Doc # 6: Defendants' Motion at 1-2.  *See also* Doc # 6-3 at 9-17.

Approximately one year later, Plaintiff Doe filed a second complaint in Washtenaw Circuit Court against AAPS and five additional Defendants who allegedly worked for AAPS during the time of the alleged abuse: Karen Blake, Neal Ward, Edward Light, Kelvin Dobbins, and Bradford Mellor.  There were eight counts: five counts of gross negligence against all defendants individually; one count of gross negligence against Dobbins, Light, and/or Mellor jointly or individually; one count of gross negligence against AAPS; and one count of Elliot Larsen Civil Rights Act

violations by all Defendants. Washtenaw County Circuit Court consolidated the two complaints.

Significant discovery has taken place in these consolidated cases and it has progressed very close to trial. Defendants' filed a motion for summary disposition based on governmental immunity; it was denied. The consolidated cases are on hold pending an interlocutory appeal of the denial.

Plaintiff Doe filed this action on December 27, 2011 ("federal case"). The Defendants here are identical to the Defendants in the consolidated state court actions. There are a total of nine counts in this federal case: five counts of § 1983 violations against individual Defendants Osuntuyi, Dobbins, Blake, Ward, and Light; one § 1983 violation against Defendants Dobbins, Light, and Mellor jointly; one § 1983 violation against all Defendants jointly; a Title IX claim against AAPS; and a Title IX gender discrimination claim against AAPS.

Both the federal and consolidated state complaints generally contain the same allegations. Osuntuyi was a bus driver, who, over a three-year period, allegedly manipulated and sexually abused Doe through his position. Plaintiff also alleges that remaining Defendants are liable for failing to supervise, train, or take the appropriate steps in hiring and screening Osuntuyi. They say these actions allowed Osuntuyi to abuse Doe.

Defendants AAPS and Mellor filed this motion to abstain, or in the alternative, to stay, the federal proceedings, pending the outcome of the state court cases under the abstention doctrine found in *Colorado River Water Conservation District et al., v. United States*, 424 U.S. 800, (1976) ("*Colorado River*"). Plaintiff opposes this motion.

**A. Defendants' Argument**

Defendants argue that the state and federal proceedings are parallel, and that this Court should abstain based on *Colorado River*. For proceedings to be parallel, the facts, parties, and claims must be substantially similar. Defendants claim that the facts and parties are the same, and that the same general proofs are required in both the state and federal cases.

Defendants argue that this Court should abstain based on the balancing test found in *Colorado River* and its progeny. Defendants cite two specific factors in support – that abstention is appropriate to avoid piecemeal litigation, and that the state cases have progressed significantly farther than the federal case. Defendants say that the remaining *Colorado River* factors are either neutral or slightly against abstention.

**B. Plaintiff's Response**

Doe first argues that the state and federal cases are not parallel if there is "any issue in the federal court which will not be resolved by the [state court]." Next, the claims are not substantially similar; the most "notable distinction is that in the state court defendants [sic] have asserted the absolute defense of governmental immunity . . . [g]overnmental immunity is not a defense to plaintiffs [sic] federal claims."

Finally, Doe argues that the *Colorado River* balancing test does not favor abstention; the risk of piecemeal litigation should not override the remaining factors in *Colorado River*. Doe believes that granting Defendants' motion would deprive her of her federal rights, and that the determination of governmental immunity by state courts would preclude Doe from asserting her federal claims; however, Doe fails to explain this belief, nor does she provide any legal support for this assertion.

## III. ANALYSIS

### A. The Court Should Not Abstain

Federal courts have a "virtual unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 825. Therefore, the "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 817 [quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)]. However, a court may abstain from exercising this jurisdiction in cases where there is a concurrent state proceeding, and when based on "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 [quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183 (1952)]. A court should only abstain in "extraordinary and narrow" circumstances; abstention is the exception and not the rule. *Id.* at 813.

There is a two-step process to determine whether abstention is warranted under *Colorado River*. *Romine v. Compuserve Corp.,* 160 F.3d 337 (6th Cir. 1998). The Court must determine whether the proceedings are "parallel." If they are, then the Court must use a balancing test to make the final abstention determination.

#### i. Parallel Proceedings

Parallel proceedings are determined by whether the cases are currently parallel – not if, with changes, the cases could be identical. *Crawley v. Hamilton County Com'rs,* 744 F.2d 28, 31 (6th Cir. 1984). While the Supreme Court has not provided a clear test to determine if cases are parallel, the Sixth Circuit requirement is that the two cases be "substantially similar;" they need not be identical. *Romine*, 160 F.3d at 340. Cases are

substantially similar "where (1) the parties are substantially similar and (2) [Plaintiff's] claims against [Defendants] are predicated on the same allegations as to the same material facts. . . ." *Id.*; *see also Baskin v. Bath Tp. Bd. Of Zoning Appeals,* 15 F.3d 569, 572 (6th Cir. 1994) [finding no parallelism based on the absence of parties, and because the issues argued were not substantially similar]. Furthermore, while identical parties are not required for parallelism, a similarity between the parties is relevant. *Baskin,* 15 F.3d at 572; *Bates v. Van Buren Tp*., 122 Fed.Appx. 803, 806 (6th Cir. 2004) [*citing Heitmanis v. Austin,* 899 F.2d 521, 528 (6th Cir. 1990)]. In other words, the Court must determine if the cases are parallel based on the substantial similarity between the parties, facts, and claims.

Here, the parties and facts are substantially similar – if not identical – in the federal and consolidated state-court actions. Plaintiff cannot seriously dispute this.

The more difficult determination is if the claims are substantially similar. While the parties have made various factual arguments, neither provided any on-point case law to support their respective positions; nor did the Court find any. However, the Court does find Defendants' count-by-count parallelism analysis persuasive. In summary, the § 1983 and Title IX claims in Plaintiff's federal case are substantially similar claims as asserted in Plaintiff's state action because they arise out of the same facts, vindicate the same general rights, and require similar evidentiary showings. *Id.* In fact, § 1983 actions were adopted in part to allow alternative relief to Plaintiffs who may also be able to seek relief through state law. *Monroe v. Pape,* 365 U.S. 167, 183 (1961).

These state and federal cases share a common threshold allegation: Osuntuyi sexually abused Doe. Proof of this allegation is required in some way to sustain every

single count in each lawsuit. This is persuasive in determining whether the claims are substantially similar.

On the other hand, the Court is not persuaded by Plaintiff's argument that the claims are not substantially similar because Defendants' may assert governmental immunity as to the state but not federal claims. The affirmative defenses available in a particular case have not been decisive on this issue.

Because the parties, facts, and claims are substantially similar – if not identical – the Court finds that the cases are parallel. The Court declines to credit Plaintiff's argument that cases are not parallel if there is "any issue in the federal court which will not be resolved by the [state court]." Doc. # 8: Plaintiff's Response at 10; *see also* Doc. # 6: Defendants' Motion at 4. This assertion was from a line of district court cases in Kentucky that has not been adopted by the Sixth Circuit. *See Holley Performance Prods. v. Tucows, Inc.,* No. 1:10–CV–180, 2011 WL 1376623, (W.D. Ky. 2011); [citing *E.ON U.S. Servs., Inc. v. QSC Painting, Inc.*, No. 08-54-JBC, 2008 U.S. Dist. LEXIS 65378, 2008 WL 3982499 (E.D. Ky. Aug. 26, 2008) (finding the cases were not parallel where the central issue in the federal case will need to be decided regardless of the outcome of the state court case); *PNC Bank, Nat'l Assoc. v. Person*, No. 06-292-C, 2007 U.S. Dist. LEXIS 34015, 2007 WL 1423744 (W.D. Ky. May 8, 2007) (holding cases not parallel where resolution of the state court case will not clearly dispose of all the claims presented in the federal case)]; *Kopacz v. Hopkinsville Surface and Storm Water Utility,* 714 F. Supp.2d 682, 686 (W.D. Ky. 2010).

    **ii. Colorado River Factors**

The next step is to determine whether the *Colorado River* factors support abstention. The Supreme Court set forth eight factors to use:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001) [quoting *Romine,* 160 F.3d at 340-41].

These factors are not a mechanical checklist. They require "a careful balancing of the important factors as they apply in a given case" depending on the particular facts at hand. *Moses H. Cone,* 460 U.S. 1, 15-16 (1983); *see also Baskin,* 15 F.3d at 571.

**a. Avoidance of piecemeal litigation**

The third factor, avoidance of piecemeal litigation, is the principal factor that Defendants rest their argument on. However, there is a difference between piecemeal litigation and litigation that is merely duplicative.

*Colorado River* illustrated a typical case of piecemeal litigation – where the state-court suit is more comprehensive than the federal suit. Colorado law created a comprehensive system for resolving water management rights. *Colorado River*, 424 U.S. at 819. The United States brought suit on behalf of two Indian tribes to secure water rights in certain rivers. *Id.* at 805. However, the federal action would only resolve a small piece of the larger water rights dispute, leaving many other claims unresolved. *Id.* at 819-20.

The Supreme Court held that abstention was warranted because the state court would adjudicate all the claims, while the federal court would duplicate state-court

efforts but only resolve a small portion of the larger dispute. *Id.* [noting that the state court proceeding reaches all claims "in the totality"]. Piecemeal litigation would arise in federal court, with multiple plaintiffs attempting to adjudicate their rights, instead of reaching all plaintiffs under a single state-court action.

Additionally, the Sixth Circuit addressed the meaning of 'piecemeal litigation' in *Crawley v. Hamilton County Com'rs,* 744 F.2d 28 (1984), a case involving prisoner rights under a § 1983 claim. In reversing a *Colorado River* abstention, the court held that "there is no danger of piecemeal litigation. All the current claims of inmates at CCI will be resolved." *Id.* at 31. While the court's exact meaning was unclear, when read with *Colorado River*, the court's concern about piecemeal litigation is based on multiple parties asserting a similar claims, not identical parties asserting different legal theories based on the same set of facts.

Defendants argue that the cases are piecemeal because they are substantially similar.

> Here, Plaintiff is required to make substantially similar factual showings in both proceedings. Thus, the state court case will likely determine most of the critical issues in this case, and the overlapping elements of the claims will likely be binding in this case through the doctrines of issue and claim preclusion.

Doc # 6: Defendants' Motion at 13.

Defendants fail to show how this is piecemeal, and not merely duplicative, litigation. There is no evidence to suggest that the adjudication of the federal claim will leave unresolved issues for other plaintiffs or for other counts. Therefore, the increased judicial economy which may be gained through abstention is not as persuasive as Defendants believe.

Defendants cite a local opinion, *Grey v. Saltalamaccia*, 2011 WL 4737602 (E.D. Mich. Oct. 7, 2011), in support of their argument. Grey was shot and injured by a police officer, Saltalamaccia, when the officer responded to a dispatch. Plaintiff filed suit in Wayne County, but did not file his § 1983 claim in state court, "believ[ing] the federal forum was more appropriate for adjudication of a federal claim. He offered a parallel explanation for not joining the state law claims in [federal] Court." *Id.* at *1.

The court declined to abstain from hearing the case because there "are enough points of distinction between the federal and state causes of action [that a] separate adjudication of each [is not required]." *Id.* Citing the relative progress of the cases, doctrines of issue and claim preclusion, as well as the avoidance of piecemeal and duplicate litigation, the court held that a stay was appropriate based on the courts "inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself' . . . ." *Id.*

However, another local opinion is significantly more on point – *Williams v. Oak Park School Dist.,* 2007 WL 1063346. (E.D. Mich. Apr. 6, 2007). While not binding, the Court finds this case much more persuasive; nearly identical facts were presented before Chief Judge Rosen for a *Colorado River* abstention. The court applied the abstention factors as discussed *supra*, and determined that the facts did not warrant an abstention. *Id.* at *4

That court drew a distinction between the threat of piecemeal litigation and duplicative litigation. *Id at* *2. "The federal and state cases involve the same plaintiff, the same defendants, and the same issue, *viz,* the alleged sexual assault of [plaintiff]. Thus, this parallel litigation is duplicative, not piecemeal." *Id*. Furthermore, the court

found that § 1983 claims were intended to provide "alternative, supplemental relief to persons who almost always have a state law remedy." *Id. citing Monroe v. Pape,* 365 U.S. 167, 183 (1961). Therefore, there is always some risk of duplicative litigation at the federal level when asserting a § 1983 action; this is expected in the nature of the action, and is not 'piecemeal.' *Id.*

Recognizing this distinction between duplicate and piecemeal litigation, the Court finds that this factor does not support abstention. The avoidance of duplicate litigation is not a factor in *Colorado River*; therefore, it is afforded no weight in the abstention analysis.

**b. Order and relative progress of the proceedings**

The fourth factor, the order in which jurisdiction was obtained, and the seventh factor, the relative progress of the proceedings, favor abstention. The Court must not focus merely on the date of the filings, but on how far the cases have progressed. *Moses H. Cone,* 460 U.S. at 21. The state-court suit has progressed through summary disposition; risks of claim and issue preclusion are present. It is Defendants' position that if the case is not dismissed based on the interlocutory appeal, it is close to trial.

Beyond the complaint and answers, in this federal case the only notable event is Defendants' pending motion.

Because the state-court action has progressed considerably farther than the federal case, it strongly favors abstention. *See Romine,* 160 F.3d at 341-42.

**c. The remaining Colorado River factors**

The first factor, whether either court has exercised jurisdiction over any res or property, is inapplicable to this case – there is no property involved. However, this does

not mean that this factor is of neutral weight; in fact the opposite is true. Since neither court has exercised jurisdiction over any res or property, this factor weighs against abstention; inconsistent dispositions of property is not a risk. *Romine,* 160 F.3d at 341

The second factor, convenience of the federal forum, weighs only slightly against abstention. This factor focuses on the geographic location of the competing forums. *Id.* Neither party asserts that the federal forum is more or less convenient than the state forum. Therefore, the Court finds that this factor is not neutral in determining abstention, but, in fact, weighs slightly against abstention. *Id.*

The fifth factor, whether federal or state law provides the basis for decision of the case, weighs against abstention. The federal case is based only on federal; the state action asserts only state-law claims. Therefore, this factor weighs strongly against abstention as the presence of a "federal-law issue must always be a major consideration weighing against surrender [of jurisdiction]." *Moses H. Cone*, 460 U.S. at 26.

The sixth factor, the adequacy of the state court action to protect the federal plaintiff's rights, is inapplicable. There are no federal law claims pending in state court. While the state court has concurrent jurisdiction over § 1983 and Title IV claims, Plaintiff chose not to pursue them in state court, but seeks adjudication of them in federal court. Furthermore, Defendants concede that this factor is "either neutral or weigh[s] slightly against abstention." Doc. #6 at 15.

The eighth factor is the presence or absence of concurrent jurisdiction. While it is undisputed that the state has concurrent jurisdiction over Doe's federal claims, the focus is not whether the Plaintiff could have brought the federal claim in state court, but

on the present posture of the cases. *See Crawley,* 744 F.2d at 31. Plaintiff has no federal claims pending in state court. This factor has little weight in the *Colorado River* analysis. *See PaineWebber v. Cohen*, 276 F.3d 197, 208 (6th Cir. 2001) ["concurrent jurisdiction only marginally, if at all, favors abstention"].

**d. Summary**

Defendants fail to show that the Court should exercise its power to abstain. The sole factor that weighs significantly in favor of abstention is that the state case has progressed significantly farther than the federal case. Defendants' argument that the avoidance of piecemeal litigation warrants abstention is entitled to no weight in the abstention analysis. Finally, the presence of concurrent jurisdiction is entitled to little, if any, weight in favor of abstention.

The remaining factors, coupled with the principle that federal courts should exercise jurisdiction when they have it, disfavor abstention. The Defendants fail to show that the court has the "clearest of justifications" to support abstention. *Colorado River*, 424 U.S. at 817*.* In addition to the other factors, the fact that this Court will only be addressing federal issues weighs strongly against abstention. It is clear that Defendants have not overcome the presumption against abstention.

**B. The Court Need Not Determine Whether to Stay or Dismiss the Proceeding.**

Since this Court finds that abstention is not warranted, it is not necessary for the Court to discuss whether to dismiss or stay the proceedings.

## IV. CONCLUSION

The Court **DENIES** Defendants' motion.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 3, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 3, 2012.

S/Linda Vertriest
Deputy Clerk